PEOPLE v McMILLER

Docket No. 143443. Submitted September 9, 1993, at Lansing. Decided
    October 18, 1993, at 9:00 A.M.

Richard D. McMiller was charged in the Jackson Circuit Court
with open murder, carrying a concealed weapon with unlawful
intent, and two counts of possession of a firearm during the
commission of a felony. The court, Alexander C. Perlos, J.,
quashed the information on the basis that the charges were
barred by double jeopardy because the defendant, before the
death of the victim, had pleaded guilty in the Juvenile Division
of the Jackson County Probate Court of carrying a concealed
weapon. The prosecution appealed, seeking reinstatement of
the open murder charge.

The Court of Appeals held:

Michigan courts employ the "same transaction" test in ana-
lyzing claims of double jeopardy in cases involving successive
prosecutions. Under that test, a prosecutor must join at one
trial all charges that grow out of a continuous time sequence
and that demonstrate a single intent and goal.

Under the circumstances of this case, the charge of carrying
a concealed weapon to which the defendant pleaded guilty and
the charge of open murder did not grow out of a continuous
time sequence or demonstrate a single intent and goal on the
part of the defendant.

Dismissal of the open murder charge reversed.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Dennis Hurst,* Prosecut-
ing Attorney, and *Jerrold Schrotenboer,* Chief Ap-
pellate Attorney, for the people.

*Sean F. Carroll,* for the defendant.

Before: WEAVER, P.J., and SHEPHERD and R.B.
BURNS,* JJ.

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

Shepherd, J. The prosecution appeals as of right from an order of the circuit court quashing the information charging defendant with open murder, carrying a concealed weapon with unlawful intent, MCL 750.226; MSA 28.423, and two counts of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant had earlier pleaded guilty in juvenile court to another charge of carrying a concealed weapon (ccw), MCL 750.227; MSA 28.424. Here, the only question is whether the open murder charge violates defendant's constitutional right not to be placed twice in jeopardy for the same offense.[1] We reverse, finding that the charge of open murder did not arise out of the same criminal transaction as the ccw charge to which defendant has pleaded guilty.

On January 12, 1991, defendant obtained a gun —allegedly as protection against Kenyatta Weathers. Defendant testified that he had heard rumors that Weathers was out to kill him. Apparently, defendant and Weathers had a history of disputes. Nevertheless, sometime later in the day, defendant and a companion went to a friend's house. Defendant acknowledges that he was carrying the gun in his coat while en route and while at the friend's house.

Defendant and his companion were at the house for approximately fifteen minutes when Weathers and his companion arrived at the same house. They were also let into the house by the mutual

---

[1] The prosecution states in its brief on appeal that it does not seek reinstatement of the two charges of felony-firearm. And, the issue whether the charge of ccw with unlawful intent can be reinstated has been abandoned on appeal by the prosecution's failure to raise the issue in the statement of issues presented, *People v Yarbrough,* 183 Mich App 163, 165; 454 NW2d 419 (1990), and by its failure to argue the merits of the issue on appeal. *People v Kent,* 194 Mich App 206, 210; 486 NW2d 110 (1992). Thus, we must only decide the question whether defendant can be prosecuted on the open murder charge.

friend. After a short while an argument arose, and the friend told them all to leave. Weathers and his companion went out first. Defendant and his companion left the house a few minutes later. While defendant was still on the porch, Weathers and his companion returned, and Weathers apparently pulled out a gun and pointed it at defendant's companion. A scuffle ensued, and defendant pulled out his gun and shot Weathers five times; Weathers died of the gunshot wounds three days later.

The trial court quashed the entire information against defendant, finding that all four charges placed defendant in double jeopardy because they all arose out of the same transaction as the prior ccw charge to which defendant had pleaded guilty in the earlier action in juvenile court. We disagree with the trial court's conclusion that the murder charge was part of the same criminal transaction as the ccw charge.

In analyzing double jeopardy claims, federal courts utilize the "same elements" test for determining whether a subsequent charge is actually for the same offense as an earlier charge. *United States v Dixon,* 509 US —; 113 S Ct 2849; 125 L Ed 2d 556 (1993). The Supreme Court has described that test as follows:

> The same-elements test, sometimes referred to as the "Blockburger" test, inquires whether each offense contains an element not contained in the other; if not, they are the "same offense" and double jeopardy bars additional punishment and successive prosecution. [125 L Ed 2d 568.]

Under the federal standard, there is no doubt that the crimes of open murder and ccw each contain elements that the other does not, and the prosecutor would clearly be able to bring the additional charge of open murder against defendant.

Michigan courts have afforded defendants greater protection and have adopted a "same transaction" test for double jeopardy in the context of successive prosecutions. *People v Bullock,* 440 Mich 15, 28; 485 NW2d 866 (1992). Under Michigan's "same transaction" test, the prosecutor is required to join at one trial all charges that grow out of a "continuous time sequence" and that demonstrate "a single intent and goal." *People v Sturgis,* 427 Mich 392, 401; 397 NW2d 783 (1986); *People v White,* 390 Mich 245, 259; 212 NW2d 222 (1973).

Applying the "same transaction" test to the facts of the case at bar, we are not convinced that the ccw charge and the open murder charge reflect a single intent and goal or that they occurred in a continuous time sequence. *Id.*

The ccw offense was completed when defendant placed the gun in his coat pocket. *People v Combs,* 160 Mich App 666, 673; 408 NW2d 420 (1987). Thus, the ccw offense was completed before defendant went to his friend's house. A number of events intervened between when the defendant placed the gun in his coat pocket and when he shot Weathers. Defendant had to travel to the house. He visited there for fifteen minutes before Weathers arrived. A dispute arose, and Weathers left the house. Then, defendant left the house. Only after Weathers returned and pulled out his gun did defendant also pull out his gun and use it.[2] Thus, the ccw offense did not occur in a "continuous time sequence" with the shooting of Weathers.

Further, defendant himself takes the position that he never intended to kill Weathers. Defen-

---

[2] We express no opinion regarding defendant's intent at the time of the shooting; we only find that the earlier offense of ccw did not share a single intent and goal, nor occur in a continuous time sequence, with the later shooting of Weathers.

dant maintains that he only carried the weapon to defend himself. There is also no indication that defendant knew that Weathers was planning on going to the friend's house that night. Thus, defendant's act of carrying the concealed weapon was not necessarily part of a "single intent and goal" to kill Weathers.

Defendant's right not to be placed twice in jeopardy for the same offense was not violated by the subsequent charge of open murder.[3] The earlier ccw charge to which defendant pleaded guilty was not part of the same criminal transaction as the act of shooting Weathers. *White, supra* at 259. We reverse the trial court's order quashing the information with respect to the open murder charge.[4]

[3] We do not wish to interfere with the internal operations of the prosecutors' offices and we are mindful of the considerable difficulties inherent in the management of huge case loads. Nevertheless, we point out that we have seen cases such as this with some frequency. We respectfully urge prosecutors to be especially diligent in cases where the victim is at risk of death not to permit pleas to relatively minor offenses until the status of the victim's condition has been determined. Some form of improved communication between the felony and juvenile sections of the prosecutors' offices seems to be in order. Although we reverse the trial court's order quashing the information in this case, other factual situations may require a different result, and that would not be conducive to effective law enforcement.

[4] Although not addressed by the parties, the open murder charge might also be sustained under an exception to double jeopardy because Weathers died the day after the original ccw charges were filed in the juvenile court. Thus, the elements of the murder offense were not completed until after the filing of the. initial ccw charge. See *White, supra* at 258, n 6; *People v Harding,* 443 Mich 693; 506 NW2d 482 (1993).