PEOPLE v SPICER

Docket No. 175690. Submitted March 20, 1996, at Grand Rapids. Decided
April 9, 1996, at 9:15 A.M.

William J. Spicer pleaded guilty in the Bay Circuit Court, John C.
Leaming, J., of aiding and abetting armed robbery and of uttering
and publishing. The court, Lawrence M. Bielawski, J., sentenced
the defendant to concurrent prison terms of ten to twenty years for
the armed robbery conviction and five to fourteen years for the
uttering and publishing conviction and also ordered the defendant
to pay restitution. The defendant appealed.

The Court of Appeals *held:*

1. Successive prosecutions of the defendant in the Saginaw Cir-
cuit Court for breaking and entering and in this case for uttering
and publishing does not violate the protection against double jeop-
ardy because the offenses were not parts of one criminal transac-
tion. Const 1963, art 1, § 15. A single intent and goal or occurrence
in a continuous time sequence is not indicated by the defendant's
breaking and entering in Saginaw County and his cashing in Bay
County of a check stolen during the Saginaw County breaking and
entering.

2. The ten-to-twenty-year sentence for armed robbery does not
violate the principle of proportionality. The sentence is within the
range recommended by the sentencing guidelines, even though the
trial court mistakenly concluded that the sentencing guidelines do
not apply to those convicted as aiders and abettors, and the sen-
tence is proportional to the seriousness of the circumstances sur-
rounding the offense and the defendant.

Affirmed.

1. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — SUCCESSIVE PROSECUTIONS.

Michigan courts employ the "same transaction" test in analyzing
claims of double jeopardy in cases involving successive prosecu-
tions; under the test, a prosecutor must join at one trial all charges
that grow out of a continuous time sequence or demonstrate a sin-
gle intent and goal (Const 1963, art 1, § 15).

2. SENTENCES — SENTENCING GUIDELINES — AIDERS AND ABETTORS.
   The Michigan Sentencing Guidelines apply to those convicted as aiders and abettors of crimes that are subject to the guidelines (MCL 767.39; MSA 28.979).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Joseph K. Sheeran*, Prosecuting Attorney, and *Martha G. Mettee*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Deborah Winfrey Keene*), for the defendant on appeal.

Before: DOCTOROFF, C.J., and HOOD and GRIBBS, JJ.

PER CURIAM. In lower court Docket No. 94-001045, defendant pleaded guilty of aiding and abetting armed robbery, MCL 750.529; MSA 28.797 and MCL 767.39; MSA 28.979. In lower court Docket No. 94-001046, defendant pleaded guilty of uttering and publishing a forged document with intent to defraud, MCL 750.249; MSA 28.446. In return for the plea agreement, the prosecution dismissed charges of armed robbery, forgery, and habitual offender (third offense). Defendant agreed to pay restitution in both cases in an amount determined by the probation department. He was sentenced to concurrent terms of imprisonment of ten to twenty years and five to fourteen years. Defendant appeals as of right. We affirm.

Defendant first argues that, in violation of his right against double jeopardy, he was subjected to successive prosecutions in different counties for crimes that arose out of a single criminal transaction. We disagree.

The crime at issue involves the charge of uttering and publishing in lower court Docket No. 94-001046. Defendant was separately charged in Saginaw County

for the breaking and entering of the building where he obtained the checks that he later presented for payment in Bay County. One of those checks formed the basis for the charge of uttering and publishing. Defendant entered a plea of guilty in Saginaw County for the breaking and entering.

Defendant's pleas do not waive his double jeopardy rights. *People v Hellis*, 211 Mich App 634, 639; 536 NW2d 587 (1995). The double jeopardy provisions of the federal and state constitutions protect a defendant from twice being placed in jeopardy for a single offense. US Const, Am V; Const 1963, art 1, § 15; *People v Sturgis*, 427 Mich 392, 398-399; 397 NW2d 783 (1986); *People v Gonzalez*, 197 Mich App 385, 392-393; 496 NW2d 312 (1992). The purpose of both the federal and the state protections against successive prosecutions for the same offense is to preserve the finality of judgments in criminal prosecutions and to protect a defendant from overreaching by the prosecutor. *Id.*

Defendant focuses on the Michigan test rather than the federal test. Michigan courts have adopted a "same transaction" test for double jeopardy in the context of successive prosecutions. *People v McMiller*, 202 Mich App 82, 85; 507 NW2d 812 (1993). Under Michigan's "same transaction" test, the prosecutor is required to join at one trial all charges that grow out of a "continuous time sequence" and that demonstrate "a single intent and goal." *Id.*

Applying the "same transaction" test to the facts of the case at bar, we are not convinced that the charge of uttering and publishing and the charge of breaking and entering reflect a single intent and goal or that they occurred in a continuous time sequence. *Id.*

Defendant has not shown that he was engaged in one continuous criminal transaction. While inside the building, defendant stole the checks, but he also stole $60 from a bank envelope from one of the filing cabinets he pried open and a case of beer that was inside a refrigerator. He went through the filing cabinets and desk drawers and threw papers on the floor. Defendant apparently had a friend help him forge some of the blank checks and then he cashed them at various places. Defendant did not present the check at issue until at least two days after he committed the breaking and entering. The evidence indicates that defendant apparently broke into the business to steal whatever he could find that had value. There is no evidence that he broke in to specifically steal, and ultimately forge, the checks.

At most, defendant has shown only that the uttering and publishing evolved from the breaking and entering. But, because it is a separate offense, double jeopardy does not exist. Even though the prosecutions in Saginaw and Bay Counties were related, they did not involve the same criminal transaction for purposes of applying the Double Jeopardy Clause of the Michigan Constitution. Therefore, we conclude that defendant's right not to be placed twice in jeopardy for the same offense was not violated by the subsequent charge of uttering and publishing. *Id.*

Defendant next argues that his sentence for armed robbery violated the principle of proportionality. Although the court considered the guidelines in its scoring decision, it erroneously believed that the guidelines did not apply to one who aids and abets a crime. Despite the trial court's error, resentencing is not required.

In this case, the trial court believed that the guidelines did not apply to defendant's conviction of armed robbery because he pleaded guilty only as an aider and abettor. We must first determine whether the guidelines are applicable in this case. Because there are no published opinions regarding this issue, it is one of first impression.

The general instructions to the sentencing guidelines state that if an offense is not listed in the crime list, the guidelines are not applicable. We find that the prosecutor properly argued in the trial court that because aiding and abetting is not a substantive crime, it was never intended that aiding and abetting would be separately addressed in the guidelines.

The Michigan Legislature has abolished the distinction between principals and accessories:

> Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense. [MCL 767.39; MSA 28.979.]

Therefore, pursuant to MCL 767.39; MSA 28.979, we conclude that the guidelines do not include any reference to aiding and abetting because any such reference would be unnecessary.

Further, the first edition of the guidelines included a list of things to which the guidelines did not apply. Included in this list were: escape, possession of a firearm during the commission of a felony, first-degree murder, habitual offenders, those sentenced under the Holmes Youthful Trainee Act, operating a motor vehicle while under the influence of liquor (third

offense), parole violators, probation violators, perjury, some drug offenses, and other mandatory sentences. If the guidelines were not intended to apply to aiders or abettors, it is logical that this would have been included on the list, given the wide range of crimes or sentencing situations that were specifically mentioned.

Additionally, the first edition of the guidelines even included scoring based upon the offender's role that seems to be consistent with aiding or abetting. Points were scored under offense variable 9 when the offender had a minor or peripheral role (0 points), acted alone (1 point), was an active participant in a multiple situation (2 points), or was a leader in a multiple offender situation (3 points). Offense variable 9 does not include all these categories in the second edition of the guidelines.

We conclude that the guidelines do not include any reference to aiding and abetting because any such reference would be unnecessary pursuant to MCL 767.39; MSA 28.979. We therefore conclude that the trial court incorrectly concluded that the guidelines did not apply to defendant's armed robbery conviction.

Even though the trial court did not believe that the guidelines applied to the armed robbery conviction, it scored the guidelines and imposed a sentence within the recommended range. The scoring of the guidelines for armed robbery resulted in a range of 48 to 240 months. The midpoint in this range was twelve years. Defendant's minimum term of ten years was therefore below the middle of the guidelines range.

A sentence must be proportional to the seriousness of the circumstances surrounding the offense and the

offender. *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). A sentence that falls within the guidelines is presumptively proportionate. *People v Dukes*, 189 Mich App 262, 266; 471 NW2d 651 (1991).

In sentencing defendant, the court stated that its sentence would have been the same even if the guidelines applied. The trial court explained that it was imposing a minimum term of ten years for the armed robbery conviction because this was defendant's fourth felony conviction and he had a history of problems in complying with the terms and conditions of probation in the past.

We find that defendant's ten-year minimum sentence, which is below the midpoint of the recommended guidelines range of 48 to 240 months, is presumptively proportionate. In light of defendant's three prior felony convictions of breaking and entering, two prior misdemeanors, his juvenile record, as well as the fact that he was on probation at the time he committed the armed robbery, we conclude that defendant's sentence is proportional to the offense and the offender.

Affirmed.