# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

                    Plaintiff-Appellee,

V

MARCUS KERMIT HINES,

                    Defendant-Appellant.

UNPUBLISHED
June 30. 2015


No.   320623
Macomb Circuit Court
LC No.   2013-001631-FH


Before:  METER, P.J., and CAVANAGH and WILDER, JJ.

PER CURIAM.

Defendant appeals, as of right, following his conviction by a jury of unlawful imprisonment, MCL 750.349b, and felonious assault, MCL 750.82.  The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to concurrent prison terms of 50 to 180 months for the unlawful imprisonment conviction, and 12 to 48 months for the felonious assault conviction.  We affirm defendant's convictions and sentences, but remand for correction of a clerical error in the judgment of sentence.[1]

The prosecution charged defendant with felonious assault and unlawful imprisonment of defendant's estranged wife, Ruth Zolman, in their Warren home on March 12, 2013.  At the time of the offense, defendant had moved out of the marital home, where defendant's 23-year-old son, Orlando Neal, was also living.  The prosecution presented evidence that, at approximately 4:00 a.m., defendant, armed with a machete, entered Zolman's bedroom, where Neal and Zolman were in bed together, threatened to kill Zolman while swinging the knife, and struck Zolman's shoulder and head.  Defendant would not allow Zolman and Neal to leave the house for several hours, refusing Zolman's requests to go to the hospital, and threatened that he would kill Zolman

---

[1] Although the parties do not raise the issue, we note that defendant's judgment of sentence incorrectly indicates that the jury found him not guilty of felonious assault.  The jury's verdict form and the verdict announced on the record at trial both indicate that the jury found defendant guilty of felonious assault, and the trial court sentenced defendant on that offense at sentencing.  Pursuant to MCR 7.216(A)(7), we remand this case to the trial court for the limited purpose of correcting the judgment of sentence to reflect defendant's conviction and sentence for felonious assault.  MCR 6.435(A).

-1-

if either Zolman or Neal attempted to contact the police. At approximately 6:00 p.m., defendant allowed Neal to leave to go to work, again threatening to kill Zolman if Neal contacted the police. At approximately 9:00 p.m., defendant left the home. Zolman contacted the police on the following morning. Defendant was apprehended on April 5, 2013.

The defense theory at trial was that Zolman and Neal, the only eyewitnesses, were not credible, that defendant had a right to be on his own property, and that Zolman's report of the incident to the police was false.

During the trial, the prosecutor sought to admit a photograph taken by the evidence technician of a shoeprint from Zolman's backyard. After defendant objected, an exchange occurred in the jury's presence between defendant, the prosecutor, and the judge, concerning the admissibility of the photograph. Ultimately, the shoeprint was not admitted into evidence.

Additionally, defendant objected during trial that three unsigned letters offered as evidence by the prosecutor were not sufficiently authenticated for admission. The trial court permitted the letters into evidence over defendant's objections. Following their deliberations, the jury convicted defendant as charged. Defendant filed a motion for a new trial, which was denied by the trial court.

I

On appeal, defendant argues that his conviction of unlawful imprisonment is against the great weight of the evidence, and that he is entitled to a new trial on this charge. We disagree. We review a trial court's decision on a motion for a new trial for an abuse of discretion. *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008). A trial court abuses its discretion when its "decision falls outside the range of principled outcomes." *People v Musser*, 494 Mich 337, 348; 835 NW2d 319 (2013).

In evaluating whether a verdict is against the great weight of the evidence, we consider whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand. *People v Lemmon*, 456 Mich 625, 627; 576 NW2d 129 (1998); *People v Lopez*, 305 Mich App 686, 696; 854 NW2d 205 (2014). A person commits unlawful imprisonment if he knowingly restrains a person by means of a weapon or dangerous instrument. MCL 750.349b(1)(a). The term "restrain" is defined to mean "to forcibly restrict a person's movements or to forcibly confine the person so as to interfere with that person's liberty without that person's consent or without lawful authority." MCL 750.349b(3)(a). The restraint does not have to exist for any particular length of time and may be related or incidental to the commission of other criminal acts; the restraint may be temporary. MCL 750.349b(3)(a); *People v Railer*, 288 Mich App 213, 218-219; 792 NW2d 776 (2010). In this case, Zolman and Neal each testified that defendant forced his way into the home armed with a machete, cut Zolman, kept the machete with him at all times during the episode and refused to allow them to leave the house for several hours, including refusing Zolman's request to go to the hospital, and threatened to kill Zolman if she or Neal attempted to leave or contact the police. The jury could conclude from this evidence that the victims could have reasonably considered defendant's threats to be legitimate and that the victims were restricted by them. Furthermore, the evidence was sufficient to establish that defendant knowingly restrained the victims. As such, the evidence does not

preponderate so heavily against the jury's verdict that it would be a miscarriage of justice to allow the verdict to stand. *Lemmon*, 456 Mich at 647.

We reject defendant's argument that Zolman's and Neal's testimony was so unbelievable that the jury was not justified in finding him guilty of unlawful imprisonment. Questions regarding the credibility of witnesses are not sufficient grounds for granting a new trial. *Lemmon,* 456 Mich at 643. We defer to the jury's determination of credibility "unless it can be said that directly contradictory testimony was so far impeached that it 'was deprived of all probative value or that the jury could not believe it,' or contradicted indisputable physical facts or defied physical realities. . . ." *Id*. at 644-646 (citation omitted). That clearly is not the case here. The jury's verdict is not against the great weight of the evidence. Consequently, the trial court did not abuse its discretion in denying defendant's motion for a new trial.

II

Defendant raises additional issues in a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4. We first address defendant's argument on appeal that the trial court erred in admitting into evidence, over defendant's objections, an unsigned letter offered by the prosecutor because it was not sufficiently authenticated. Defendant's counsel objected at trial to the admission of *three* unsigned letters, however, and defendant fails to identify in his brief which of the three letters he challenges as improperly admitted. We therefore consider the issue abandoned ["An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998)].

Defendant's remaining claims were not raised below, and therefore, they are unpreserved. We review unpreserved issues for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 752-753, 763-764; 597 NW2d 130 (1999). Additionally, although defendant filed a motion for a new trial in the lower court, he failed to raise an ineffective assistance of counsel claim in connection with that motion, or request a *Ginther*[2] hearing. Therefore, our review of defendant's ineffective assistance of counsel claims is limited to mistakes apparent on the record. *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000).

A

Defendant argues that his constitutional right to present a defense was violated when the trial court denied him the opportunity to timely file a notice of alibi and present his alibi witness. We disagree. A criminal defendant has a constitutional right to a "meaningful opportunity to present a complete defense." US Const, Am VI; Const 1963, art 1 § 20; *People v King*, 297 Mich App 465, 473; 824 NW2d 258 (2012). However, he must still comply with procedural and evidentiary rules established to assure fairness and reliability in the verdict. *Id*. at 474. As defendant acknowledges, he did not file a notice of alibi, which he was required to do under

---

[2] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

Michigan law in order to present an alibi defense. MCL 768.20. Consequently, defendant's contention that he was deprived of the opportunity to present a defense is without merit.

B

Defendant argues that the prosecutor knowingly used perjured testimony to obtain a conviction, and the police failed to gather and preserve potentially exculpatory evidence, both in violation of his constitutional right to due process. The record does not support defendant's allegations.

Defendant highlights discrepancies in Zolman's testimony and in other witness testimony regarding the type of instrument that caused Zolman's lacerations and the amount of blood at the scene to argue that the prosecutor knowingly used perjured testimony. However, the inconsistencies listed by defendant do not establish that the prosecutor knowingly used perjured testimony to obtain defendant's conviction. *People v Gratsch*, 299 Mich App 604, 619; 831 NW2d 462 (2013), vacated in part on other grounds 495 Mich 876 (2013); *People v Parker*, 230 Mich App 677, 690; 584 NW2d 753 (1998). Although Zolman's trial testimony about the amount of blood at the scene differed from the amount described by the responding police officers, and there were questions raised about the nature of Zolman's lacerations, there is no indication that the prosecutor sought to conceal these inconsistencies from defendant. Testimony that conflicts with other witnesses' testimony does not lead to the conclusion that the prosecutor knowingly used perjured testimony. The prosecution is not obligated to disbelieve its own witness merely because the witness's testimony is contradicted by testimony from another witness. See *People v Lester*, 232 Mich App 262, 278-279; 591 NW2d 267 (1998), overruled in part on other grounds in *People v Chenault*, 495 Mich 142; 845 NW2d 731 (2014). Defendant's argument does not involve an issue of perjury, but of credibility. Defense counsel fully explored the credibility issues and the factual disputes presented by Zolman's testimony and the testimony of other prosecution witnesses. The jury was free to either believe or disbelieve their trial testimony, in whole or in part. See *People v Wolfe*, 440 Mich 508, 514; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). We therefore reject this claim because defendant's right to due process was not violated by a knowing use of perjured testimony by the prosecutor.

Defendant also argues that the police should have developed other evidence, including analyzing blood samples found at the scene. In a related claim, defendant contends that, by requiring him to "preserve or gather" that evidence, the prosecution improperly shifted the burden of proof. Defendant confuses the duty to disclose evidence with a duty to find evidence to disprove a victim's claims. See *People v Coy (After Remand)*, 258 Mich App 1, 22; 669 NW2d 831 (2003). In the absence of "a showing of suppression of evidence, intentional misconduct, or bad faith," due process does not require that the prosecution seek and find exculpatory evidence or test evidence for a defendant's benefit. *Id.* at 21. There is no basis in the record for finding any bad faith or intentional misconduct by the police or the prosecution, or that any evidence was suppressed. Furthermore, there is no requirement that the prosecution must negate every reasonable theory consistent with a defendant's innocence. *People v Henderson*, 306 Mich App 1, 9; 854 NW2d 234 (2014). We therefore reject these claims, because defendant's right to due process was not violated by the police investigation or the prosecution.

-4-

C

Defendant argues that the prosecutor abused his discretion in charging defendant with unlawful imprisonment, MCL 750.349b, and assault with intent to do great bodily harm less than murder, MCL 750.84, and that as a result, he was denied his constitutional rights of due process and equal protection. We disagree.

"[T]he decision whether to bring a charge and what charge to bring lies in the discretion of the prosecutor." *People v Venticinque*, 459 Mich 90, 100; 586 NW2d 732 (1998). The prosecutor has broad discretion to bring any charge supported by the evidence. *People v Nichols*, 262 Mich App 408, 415; 686 NW2d 502 (2004). A prosecutor abuses his or her discretion only if "a choice is made for reasons that are 'unconstitutional, illegal, or ultra vires.' " *People v Barksdale*, 219 Mich App 484, 488; 556 NW2d 521 (1996).

The prosecutor's decision to charge defendant with unlawful imprisonment is clearly supported by the evidence that defendant, while armed with a machete, restricted Zolman to the house for several hours by threatening to kill her if she or Neal attempted to leave or contact the police. See MCL 750.349b; *Railer*, 288 Mich App at 218-219. Additionally, there was evidence that defendant swung the machete at Zolman, striking her twice, while repeatedly announcing his intent to kill her. These facts support the prosecutor's decision to charge defendant with assault with intent to do great bodily harm less than murder, MCL 750.84. See *People v Stevens*, 306 Mich App 620, 628-629; 858 NW2d 98 (2014). Defendant does not present any evidence suggesting that the charges were brought for an unconstitutional, illegal, or other improper reason. Therefore, defendant has not established that he was denied due process or equal protection because of the charges levied against him. Accordingly, we reject this claim of error.

D

Defendant argues that the jury's verdict was tainted because the trial court did not excuse the jurors during the parties' arguments regarding the prosecution's unsuccessful motion to admit a photograph of a shoeprint. We disagree.

While it is preferable for arguments concerning the admission of exhibits to take place outside of the jury's presence, MRE 103(c), defendant fails to show that the fact that the parties' arguments and the trial court's evidentiary ruling concerning the photograph occurred in the jury's presence resulted in prejudice to the defendant, *Carines*, 460 Mich at 763. Since the trial court declined to admit the evidence, the express message conveyed to the jury was that the photographic exhibit was not relevant for its consideration during deliberations. Further, the trial court instructed the jurors that they were to base their verdict "only on the evidence that has been properly admitted in this case" and that the statements and arguments of the attorneys were not evidence. Juries are presumed to follow their instructions. *People v Roscoe*, 303 Mich App 633, 646; 846 NW2d 402 (2014). Moreover, given the testimony of Zolman and Neal identifying defendant as the perpetrator, defendant has not established that any error in the jury hearing that

an unidentified, common, partial shoe impression observed in Zolman's backyard affected the outcome of the proceedings. *Carines*, 460 Mich at 763.

E

Defendant argues that his constitutional rights were violated because his jury was not representative of a fair cross-section of the community. We disagree.

A criminal defendant is entitled to an impartial jury drawn from a fair cross-section of the community. *Taylor v Louisiana*, 419 US 522, 538; 95 S Ct 692; 42 L Ed 2d 690 (1975). To establish a prima facie violation of the fair cross-section requirement, a defendant has the burden of proving the following:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this under-representation is due to systematic exclusion of the group in the jury-selection process. [*People v Bryant*, 491 Mich 575, 596-597; 822 NW2d 124 (2012), quoting *Duren v Missouri*, 439 US 357, 364; 99 S Ct 664; 58 L Ed 2d 579 (1979).]

As an African-American, defendant is a member of a "distinct group" for purposes of the fair cross-section requirement. *Id.* at 598. Defendant has failed, however, to demonstrate a systematic exclusion of African-Americans in Macomb County's jury-selection process. Defendant has not presented any data showing the proportion of African-Americans within the community or in jury venires in general. Defendant has also failed to adequately demonstrate a reason for the alleged underrepresentation beyond forces outside the criminal justice system. *People v Traylor*, 245 Mich App 460, 464; 628 NW2d 120 (2001). Consequently, defendant has failed to establish a prima facie violation of the fair cross-section requirement.

F

Defendant argues that a new trial is warranted because his constitutional right to effective counsel was denied when defense counsel failed to (1) present an alibi defense and call witnesses, (2) argue that the verdict was "tainted" by the shoeprint discussion, and (3) object to the jury composition. We disagree.

To establish ineffective assistance of counsel, defendant first must show that counsel's performance fell below an objective standard of reasonableness. *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). In doing so, defendant must overcome the strong presumption that counsel's assistance was sound trial strategy. *Id.* Second, defendant must show that, but for counsel's deficient performance, it is reasonably probable that the result of the proceeding would have been different. *Id.* Effective assistance of counsel is presumed and defendant bears a heavy burden of proving otherwise. *People v LeBlanc*, 465 Mich 575, 578; 640 NW2d 246 (2002). "Reviewing courts are not only required to give counsel the benefit of the doubt with this presumption, they are required to 'affirmatively entertain the range of possible' reasons that counsel may have had for proceeding as he or she did." *People v Gioglio (On Remand)*, 296 Mich App 12, 22; 815 NW2d 589 (2012), vacated in part on other grounds

493 Mich 864 (2012). "[A] reviewing court must conclude that the act or omission of the defendant's trial counsel fell within the range of reasonable professional conduct if, after affirmatively entertaining the range of possible reasons for the act or omission under the facts known to the reviewing court, there might have been a legitimate strategic reason for the act or omission." *Id.* at 22-23.

First, defendant makes several claims about what defense counsel should have done and did not do, including his failure to present an alibi defense and call witnesses. Defendant has not overcome the strong presumption that defense counsel's performance was within the range of reasonable professional conduct. *Gioglio*, 296 Mich App at 22. Counsel's decisions about what arguments to make, what evidence to present, and whether to call witnesses are matters of trial strategy, *People v Russell,* 297 Mich App 707, 716; 825 NW2d 623 (2012)*,* and "this Court will not second-guess defense counsel's judgment on matters of trial strategy," *People v Benton*, 294 Mich App 191, 203; 817 NW2d 599 (2011). The failure to present a witness can constitute ineffective assistance only where it deprives the defendant of a substantial defense. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). "[D]efendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel[.]" *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

Defendant has failed to substantiate his assertion that he had an alibi, and there is no evidence that any witness existed who could have assisted in an alibi defense. Although defendant identifies Candice Plant as an alibi witness, he has not provided a witness affidavit or identified any other evidence of record establishing that Plant actually would have testified at trial and provided favorable testimony. Absent such a showing, defendant has not established that he was prejudiced by defense counsel's failure to call Plant at trial. See *People v. Ackerman*, 257 Mich App 434, 455-456; 669 NW2d 818 (2003) (holding that the defendant had not established a factual predicate for his claim that counsel was ineffective by not obtaining a defense expert witness because defendant offered no proof that an expert witness would have testified favorably if called by the defense).

The record also fails to support defendant's claim that defense counsel was ineffective for failing to call an expert. Defendant has not made an offer of proof regarding the substance of any favorable testimony that an expert witness could have offered. See *id*. A defendant cannot establish his claim of ineffective assistance of counsel using speculation that an expert would have testified favorably and affected the outcome of the proceeding. *Payne*, 285 Mich App at 190. Moreover, defendant has failed to overcome the presumption that defense counsel's decision not to call an expert witness was reasonable trial strategy. *Id*. Through means of cross-examination, defense counsel challenged the strength and reliability of the evidence and elicited arguable bases for the jury to question the reliability of the evidence. Defendant has failed to show that defense counsel's strategy was objectively unreasonable, or that he was prejudiced by the absence of an expert at trial.

Defendant also argues that defense counsel should have called him as a witness to support an alibi defense. A criminal defendant has a fundamental constitutional right to testify at trial. US Const, Am XIV; Const 1963, art 1, §§ 17, 20. The decision to testify or not to testify is a strategic one "best left to an accused and his counsel." *People v Martin*, 150 Mich App 630, 640; 389 NW2d 713 (1986). "Although counsel must advise a defendant of this right, the

ultimate decision whether to testify at trial remains with the defendant." *People v Bonilla–Machado*, 489 Mich 412, 419; 803 NW2d 217 (2011). "If the accused expresses a wish to testify at trial, the trial court must grant the request, even over counsel's objections." *People v Simmons*, 140 Mich App 681, 685; 364 NW2d 783 (1985). "[I]f defendant . . . decides not to testify or acquiesces in his attorney's decision that he not testify, the right will be deemed waived." *Id.* (citation and quotations omitted).

There is no basis for concluding that counsel's performance deprived defendant of his constitutional right to testify. There is no indication in the record that defendant expressed to counsel a desire to testify. On the contrary, after the prosecution rested, defense counsel stated on the record that she and defendant had discussed whether defendant was going to testify, defendant was advised of his right to testify or not testify, and defendant agreed that he would not testify. Defendant stated that he was not forced or threatened in any way in making his decision not to testify, and that he believed that it was in his best interests to not testify. Defendant never expressed disagreement with counsel's statement that he did not wish to testify, did not claim that he was ignorant of his right to testify, or that defense counsel had coerced him into not testifying. The decision whether to call defendant as a witness was a matter of trial strategy and defendant has not identified or offered any evidence to overcome the strong presumption of sound strategy. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999).

We also reject defendant's argument that he was denied the effective assistance of counsel because defense counsel failed to argue that the verdict was tainted by the fact that argument concerning the admission of the shoeprint evidence occurred in the jury's presence. As previously explained, the dialogue did not deny defendant a fair trial. Therefore, defense counsel's failure to object was not objectively unreasonable. Further, because the trial court's instructions adequately protected defendant's rights, defendant cannot demonstrate a reasonable probability that, but for counsel's failure to object, the result of the proceeding would have been different.

We reject as well defendant's claim that defense counsel was ineffective for failing to object to the jury panel composition. As we previously explained, *supra*, defendant has failed to present any evidence to support a prima facie violation of the fair cross-section requirement. *Hoag*, 460 Mich at 6; *Traylor*, 245 Mich App at 464. Therefore, defendant has not shown that, but for counsel's failure to pursue such a claim, it is reasonably probable that the result of the proceeding would have been different.

G

Defendant raises additional cursory arguments about defense counsel's failure to investigate and challenge exculpatory "hard evidence" without providing any proper analysis. Defendant also briefly raises an argument related to the sufficiency of the evidence underlying his conviction. However, as we stated above, "[a]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *Kelly*, 231 Mich App at 640-641. "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue." *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004). Additionally, an issue that is not raised in the statement of the questions presented is

abandoned on appeal. See MCR 7.212(C)(5) (providing that a brief on appeal must contain a statement of the questions involved); *People v. McMiller,* 202 Mich App 82, 83 n 1, 507 NW2d 812 (1993) (holding that an issue was abandoned when it was not raised in the statement of the questions presented). Defendant failed to raise the issues regarding defense counsel's failure to investigate and challenge the exculpatory "hard evidence" and the sufficiency of the evidence underlying his conviction in his statement of the questions presented. Consequently, defendant's remaining claims of ineffective assistance of counsel are abandoned. *McPherson*, 263 Mich App at 136.

Affirmed.


/s/ Patrick M. Meter
/s/ Mark J. Cavanagh
/s/ Kurtis T. Wilder