# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JEFFREY BERNARD ALLISON,

        Defendant-Appellant.

UNPUBLISHED
December 22, 2016

No.  328523
Oakland Circuit Court
LC No.  2015-253244-FH

Before:  SAAD, P.J., and METER and MURRAY, JJ.

PER CURIAM.

Defendant appeals his convictions by a jury of possession of 50 to 449 grams of heroin, MCL 333.7401(2)(a)(*iii*), possession of less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), and possession of marijuana, MCL 333.7401(2)(d).  Because the trial court did not abuse its discretion when it admitted the text messages from a cellular phone used by defendant, we affirm.

This case arises from the search of an apartment in Pontiac and the arrest of defendant, a suspected drug dealer.  During the search of the apartment, detectives from the Oakland County Sheriff's Department seized items consistent with selling drugs, which included cocaine, heroin, baggies, cutting agents, scales, cash, and a cellular telephone.  The sparsely finished two-bedroom apartment appeared to be used by two males.  In one bedroom, the detectives found a receipt for a Chrysler minivan purchased by Andrew Johnson.[1]  The cellular telephone was found in the other bedroom.  At trial, text messages found on the cellular phone were admitted into evidence.

Defendant argues that the trial court erred when it admitted the text messages because they were unauthenticated hearsay.  Defendant specifically claims that there was a lack of authentication of the text messages to show that defendant was the one who wrote and received them.  We disagree.  We review a trial court's decision to admit evidence for an abuse of

---

[1] Andrew Johnson was originally a codefendant in this case.  He pleaded nolo contendere to one count of possession with intent to deliver less than 50 grams of cocaine and one count of possession with intent to deliver 50 to 449 grams of cocaine.

discretion. *People v Roscoe*, 303 Mich App 633, 639; 846 NW2d 402 (2014). A court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008).

The proponent of a piece of evidence must authenticate it before it may be admitted. See *People v McDade*, 301 Mich App 343, 352; 836 NW2d 266 (2013). Authentication requires sufficient proof that the evidence is what the proponent claims it to be. *Id.*; see also MRE 901(a). Sufficient proof may consist of content and distinctive characteristics that provide proper identification. *People v Ford*, 262 Mich App 443, 461-462; 687 NW2d 119 (2004); see also MRE 901(b)(4).

Before the prosecution moved to admit the cellular telephone and text messages at issue, Detective Jason Teelander testified as to the location of the cellular telephone and defendant's relationship to that location. Specifically, Detective Teelander testified that during his approximately month-long surveillance of the apartment, he came to associate two vehicles and two individuals with the apartment. One individual was defendant and one of the vehicles was defendant's GMC Envoy. Further, Detective Teelander saw defendant or his vehicle at the apartment over 10 times, and defendant always used a key to enter the apartment. On the day the search warrant was executed, defendant entered and left the apartment about an hour before the search commenced. Moreover, the apartment had two bedrooms, both of which appeared to be used by a male due to the clothes that were present. One bedroom contained a receipt with Johnson's name for the purchase of a Chrysler minivan, and the other bedroom contained the cellular telephone. This testimony linked defendant to the apartment where the cellular telephone was found and a jury could reasonably infer that, with both defendant and Johnson being linked to the apartment, the bedroom with the receipt was Johnson's and that the other bedroom, which contained the cellular telephone, belonged to defendant.

Furthermore, the prosecution offered evidence that an outgoing text message on the phone indicated that it was from "Jazz," which Detective Teelander and Detective Dan Main testified they knew to be defendant's nickname. Thus, the messages on the phone also linked defendant to the phone, itself. The content of the text message, identifying the author by defendant's nickname, along with the surrounding circumstances of the telephone being found in a bedroom that likely belonged to defendant, provided sufficient support that defendant was the author and sender of the outgoing text messages on the cellular telephone. Our Supreme Court has stated that "proposed evidence need not tell the whole story of a case, nor need it be free of weakness or doubt." *People v Berkey*, 437 Mich 40, 52; 467 NW2d 6 (1991). Beyond meeting minimum requirements for admissibility, it is up to the factfinder to weigh the evidence. *Id.* Thus, the prosecution provided sufficient evidence to show that the text messages were from defendant, and the trial court did not abuse its discretion when it found that the text messages were properly authenticated.

Defendant also claims that because the text messages were unauthenticated, they are inadmissible hearsay, rather than party-opponent admissions. However, because we have held that the messages were properly authenticated as being written by defendant, this argument fails

as well.  It is well established that an admission by a party-opponent is not hearsay under MRE 801(d)(2)(A).  *McDade*, 301 Mich App at 353.[2]

Affirmed.

/s/ Henry William Saad
/s/ Patrick M. Meter
/s/ Christopher M. Murray

---

[2] On appeal, defendant does not adequately address the incoming text messages, i.e., the messages not written by him.  Accordingly, defendant has abandoned any claim of error based on these incoming messages being hearsay.  See *People v McMiller*, 202 Mich App 82, 83 n 1; 507 NW2d 812 (1993).  In any event, we rule that the incoming messages were not hearsay as well because they were not statements that were offered to prove the truth of the matter asserted. See MRE 801(a), (c); *People v Jones*, 228 Mich App 191, 224; 579 NW2d 82 (1998) ("'Acts or conduct not intended as assertive are not hearsay and therefore, they are admissible.'").