*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMEE RENE HESS,

        Defendant-Appellant.

UNPUBLISHED
October 08, 2024
2:56 PM

No. 362838
Delta Circuit Court
LC No. 21-010613-FH

Before: CAMERON, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right her jury-trial convictions of possession of methamphetamine, MCL 333.7403(2)(b)(*i*), and operating while intoxicated (OWI), MCL 257.625(1). Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to serve 30 months' to 20 years' imprisonment for possession of methamphetamine, and 93 days in jail for OWI. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a report to police of possible gunshots associated with a gray SUV. As police officers drove to the reported area, they saw defendant's vehicle, a gray SUV, swerving in its lane and crossing the center line of the road. The officers stopped defendant, and, after defendant showed signs of impairment, conducted sobriety tests. Defendant failed the sobriety tests, and the officers arrested her. The officers searched defendant's vehicle before it was impounded, and found a vial and a small, clear plastic baggie, both of which contained methamphetamine residue. Subsequent blood tests revealed defendant had methamphetamine in her system.

The trial court granted defendant's motion to introduce evidence that her friend, Bobbi Jo Godfrey, was also in defendant's vehicle that day and had prior methamphetamine-related convictions. Defendant's theory was that the drugs belonged to Godfrey, and Godfrey, who was on parole at the time, had the motive to leave the drugs in defendant's vehicle. In response to this grant, the prosecution filed a notice of intent to use other-acts evidence under MRE 404(b) of defendant's prior, July 2019 arrest, in which law enforcement found methamphetamine inside

defendant's vehicle. The trial court granted the motion to introduce the other-acts evidence, given defendant's theory concerning Godfrey.

At trial, the prosecution called defendant's parole agent, Jaclyn Kass, who testified that defendant was on parole for possession-of-methamphetamine convictions in both Michigan and Wisconsin. Defense counsel did not cross-examine Agent Kass or object to her testimony. Out of the presence of the jury, the trial court reasoned Agent Kass's testimony was "very obvious character evidence[.]" The parties agreed to a limiting instruction, which the trial court provided to the jury.

After the jury convicted defendant and the trial court sentenced her as noted, defendant moved for dismissal, a new trial, or an evidentiary hearing. The trial court held an evidentiary hearing, after which it found that the officers conducted a valid stop given the totality of the circumstances. The trial court also found that Agent Kass's testimony was inadmissible, and defense counsel was ineffective for failing to object, but defendant failed to establish she was prejudiced by counsel's deficient performance, because the admissible evidence was more than sufficient to support her convictions. As such, the trial court denied defendant's motion for dismissal or a new trial. Defendant now appeals.

## II. INVESTIGATORY STOP

Defendant first argues that defense counsel was ineffective for failing to challenge the constitutionality of the traffic stop and for failing to file a motion to exclude the evidence obtained from the stop. We disagree.

## A. STANDARD OF REVIEW

Whether counsel was ineffective presents a mixed question of fact and law; factual findings are reviewed for clear error, whereas questions of law are reviewed de novo. *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018). "The trial court's findings are clearly erroneous if this Court is definitely and firmly convinced that the trial court made a mistake." *People v Shaw*, 315 Mich App 668, 672; 892 NW2d 15 (2016).

## B. LAW AND ANALYSIS

"To prevail on a claim of ineffective assistance, a defendant must, at a minimum, show that (1) counsel's performance was below an objective standard of reasonableness and (2) a reasonable probability [exists] that the outcome of the proceeding would have been different but for trial counsel's errors." *Head*, 323 Mich App at 539 (quotation marks and citation omitted; alteration in original). This Court presumes that a defendant received effective assistance of counsel, and "the defendant bears a heavy burden of proving otherwise." *Id*. "[F]ailing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Both the United States and Michigan constitutions guarantee the right of persons to be secure against unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11. "A traffic stop for a suspected violation of law is a 'seizure' of the occupants of the vehicle and therefore must be conducted in accordance with the Fourth Amendment." *Heien v North Carolina*,

574 US 54, 60; 135 S Ct 530; 190 L Ed 2d 475 (2014). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *People v Kavanaugh*, 320 Mich App 293, 299; 907 NW2d 845 (2017) (quotation marks and citation omitted). A seizure justified by a traffic violation becomes unlawful if it is "prolonged beyond the time reasonably required to complete [the] mission of issuing a ticket for the violation." *Rodriguez v United States*, 575 US 348, 350-351; 135 S Ct 1609; 191 L Ed 2d 492 (2015). But, continued detention after the investigation of a traffic violation may be permissible if the stop reveals "a new set of circumstances," and the detention is extended long enough to resolve the new suspicion. *People v Williams*, 472 Mich 308, 315; 696 NW2d 636 (2005).

Defense counsel was not ineffective for failing to object to the constitutionality of the stop or for failing to file a motion to exclude the evidence obtained from the stop that led to defendant's arrest because the stop was constitutional. At trial, the officers who arrested defendant testified that defendant's vehicle was the only gray SUV they saw while responding to the report. The officers further testified that defendant swerved, touched the center line, and traveled in the left turn lane without making a left turn. Because defendant's vehicle matched the description of the vehicle from the police report, and because of defendant's traffic violations, the officers' initial stop was lawful.[1] See *People v Jenkins*, 472 Mich 26, 32; 691 NW2d 759 (2005); *Kavanaugh*, 320 Mich App at 299.

Further, the officers did not unconstitutionally extend the stop, because "a new set of circumstances" arose which "led to a reasonably articulable suspicion that criminal activity was afoot." *Kavanaugh*, 320 Mich App at 301 (quotation marks, citations, and brackets omitted). Defendant told the officers that she fell asleep while driving and hit street signs with her vehicle. The officers observed defendant's pupils to be dilated and nonresponsive to light, which suggested substance abuse. Thus, the officers administered sobriety tests, which defendant failed. Under the totality of the circumstances, the officers conducted a valid investigatory stop, and the resulting search of defendant's car was valid. See *id*. at 301-302. Accordingly, defense counsel was not ineffective for failing to challenge the legality of the stop or challenge the admission of the resulting evidence. See *Ericksen*, 288 Mich App at 201.

### III. OTHER-ACTS EVIDENCE

Defendant argues that the trial court erred by allowing Agent Kass to testify about defendant's prior convictions of methamphetamine possession. Defendant also argues that defense counsel was ineffective for failing to object to this testimony. While we agree the other-acts evidence about defendant's prior convictions was improperly admitted, this error does not warrant reversal.

---

[1] Defendant disputes on appeal whether she was driving erratically based on the video from the officers' patrol vehicle. However, the officers testified that the video did not capture all of defendant's erratic driving, and, regardless, whether defendant was driving erratically was a question of fact resolved by the trial court.

-3-

## A.  PRESERVATION AND STANDARDS OF REVIEW

"To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Thorpe*, 504 Mich 230, 252; 934 NW2d 693 (2019).  Because defendant did not object to the admission of the other-acts testimony, this issue is unpreserved.

"Unpreserved claims of evidentiary error are reviewed for plain error affecting the defendant's substantial rights." *People v Brown*, 326 Mich App 185, 195; 926 NW2d 879 (2019) (quotation marks and citation omitted).  The defendant bears the burden of persuasion and, to obtain appellate relief, must show: (1) an error occurred, (2) the error was clear or obvious, and (3) the error affected substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).  To satisfy the third element, the defendant must show that the error "affected the outcome of the lower court proceedings." *Id*.  "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *People v Allen*, 507 Mich 597, 614; 968 NW2d 532 (2021) (quotation marks omitted).

Lastly, we review the trial court's factual findings concerning ineffective-assistance-of-counsel claims for clear error, and questions of law de novo. *Head*, 323 Mich App at 539.  "The trial court's findings are clearly erroneous if this Court is definitely and firmly convinced that the trial court made a mistake." *Shaw*, 315 Mich App at 672.

## B.  LAW AND ANALYSIS

In evaluating the admissibility of other-acts evidence, we must first determine whether that evidence was offered for a proper purpose.  See *People v VanderVliet*, 444 Mich 52, 74-75; 508 NW2d 114 (1993).  To show that a proper purpose exists, the offering party "must explain how and demonstrate that the other-acts evidence is logically relevant to the stated purpose without relying on an impermissible propensity inference." *People v Galloway*, 335 Mich App 629, 638; 967 NW2d 629 (2020).

At trial, Agent Kass testified only that defendant was on parole for possession-of-methamphetamine convictions in Michigan and Wisconsin.  While defendant's Michigan conviction was the result of the July 2019 arrest referenced in the prosecution's notice of intent, Agent Kass provided no testimony regarding the factual details of the arrest.  At first, the prosecution argued the other-acts evidence demonstrated the absence of accident or mistake.  But, while the underlying facts of the July 2019 arrest actually referenced in the notice-of-intent could serve this purpose, defendant's prior convictions, alone, do not.  Furthermore, the prosecution's later-alleged purpose—motive—would have been sufficiently established by introducing evidence solely of defendant's parole status at the time of her arrest.  There was no need for the additional testimony about the convictions which served as the basis for defendant's parole status.  The trial court plainly erred by admitting the testimony at trial. *Brown*, 326 Mich App at 195.

Regardless, defendant cannot establish that the admission of this evidence affected her substantial rights. *Allen*, 507 Mich at 614.  At trial, defendant testified she was an addict and used methamphetamine the week before her arrest.  There was evidence that defendant had methamphetamine and amphetamine in her system, and the jury heard testimony that the specific

substances in defendant's blood indicated she consumed methamphetamine. There was evidence that the plastic baggie and vial found in defendant's vehicle contained methamphetamine residue, and, during the officers' search of her vehicle, defendant told them that the vial found in her vehicle was where she kept "her stuff." As the trial court properly reasoned, the untainted evidence admitted at trial was sufficient to sustain defendant's convictions. Thus, defendant is not entitled to reversal.[2]

Because there was sufficient, untainted evidence to support defendant's convictions, defendant's ineffective-assistance-of-counsel claim necessarily fails because she cannot demonstrate prejudice. See *Head*, 323 Mich App at 539 (holding that a defendant must show, in addition to unreasonable performance, that there is "a reasonable probability . . . that the outcome of the proceeding would have been different but for trial counsel's errors."). Because defendant cannot establish prejudice, we need not address whether defense counsel's performance was deficient. *Id*.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Brock A. Swartzle

---

[2] We note that defendant briefly alleges the disparity between the notice-of-intent and Agent Kass's actual testimony constitutes prosecutorial misconduct; though it seems defendant is actually alleging prosecutorial error. See *People v Cooper*, 309 Mich App 74, 87-88; 867 NW2d 452 (2015). Misnomer aside, defendant does not include any allegations of improper actions by the prosecution in her statement of questions presented. Therefore, this argument is abandoned. *People v McMiller*, 202 Mich App 82, 83 n 1; 507 NW2d 812 (1993).