PEOPLE v GREAUX

Docket No. 113369. Decided January 26, 2000. On application by the
defendant for leave to appeal, the Supreme Court, in lieu of grant-
ing leave, reversed in part the judgment of the Court of Appeals
and remanded the case to the circuit court for resentencing.

Melissa K. Greaux was convicted by a jury in the St. Clair Circuit
Court of assault with intent to murder, armed robbery, and conspir-
acy to commit armed robbery. The court, Peter E. Deegan, J., sen-
tenced her to life in prison for assault with intent to murder convic-
tion, and fifteen to twenty-five years for the other convictions. The
court believed that the then-effective Sentencing Guidelines were
inapplicable to the defendant's assault conviction because she was
convicted on an aiding and abetting theory, and therefore did not
apply the guidelines. The Court of Appeals, CORRIGAN, C.J., and
CAVANAGH and BANDSTRA, JJ., affirmed in an unpublished opinion per
curiam (Docket No. 199314). The defendant seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice WEAVER, and
Justices CAVANAGH, KELLY, TAYLOR, YOUNG, and MARKMAN, the Supreme
Court *held*:

The trial court erred in concluding that, because the defendant
stood convicted of aiding and abetting, the guidelines were to be
used only for informational purposes. The defendant was convicted
of conspiracy, armed robbery, and assault with intent to murder.
The guidelines applied to the latter two convictions. The aiding and
abetting statute does not create a distinct crime; rather, it allows
an aider and abetter to be convicted of, for example, armed rob-
bery, even though that person did not hold the gun or take the
money. In such a case, at sentencing, the guidelines for armed rob-
bery are to be applied. The trial court erred in failing to apply the
guidelines. The Court of Appeals incorrectly held that a life sen-
tence is within the guidelines for every armed robbery and assault
with intent to murder because the statutes creating those crimes
specify that life is the statutory maximum.

Reversed in part and remanded.

Justice CORRIGAN took no part in the decision of this case.

State Appellate Defender (by *Desiree M. Ferguson*) for the defendant-appellant.

PER CURIAM. The defendant was convicted after a jury trial of assault with intent to murder,[1] armed robbery,[2] and conspiracy to commit armed robbery.[3] She was sentenced to life in prison for assault with intent to murder, and fifteen to twenty-five years for the other two convictions. However, the trial court incorrectly believed that the then-effective Sentencing Guidelines were inapplicable to the defendant's assault conviction because she was convicted on an aiding and abetting theory and erroneously failed to apply the guidelines. We therefore remand for resentencing.

I

This prosecution arises out of the March 16, 1996, robbery of a St. Clair County store. The owner was shot in the head, and although he survived, he suffered serious impairment of his mental and physical functioning. The prosecution's theory was that co-defendants Terry Patterson and Justin Rose committed the robbery and assault, and that defendant Greaux drove Patterson and Rose to and from the scene. The information charged the defendant with aiding and abetting Rose and Patterson in the commission of the robbery and assault, as well as with conspiracy to commit armed robbery.

---

[1] MCL 750.83; MSA 28.278.

[2] MCL 750.529; MSA 28.797. .

[3] MCL 750.157a; MSA 28.354(1).

At trial, defendant testified, admitting that she drove the two men to and from the store, but denying knowledge of their plan to commit any crimes. She claimed that she did not learn of the robbery and shooting until several days later.

The trial court instructed the jury that defendant Greaux was charged with aiding and abetting armed robbery and aiding and abetting assault with intent to murder. The jury found her guilty of aiding and abetting those two offenses, as well as of the conspiracy count. As noted, the court sentenced the defendant to life on the assault conviction and fifteen to twenty-five years for conspiracy and armed robbery.

II

On appeal, among other claims, defendant challenged the assault sentence. She argued that the trial court improperly regarded the Sentencing Guidelines as inapplicable, provided no explanation for imposing a sentence outside the recommended minimum range,[4] and imposed a disproportionate sentence.

---

[4] Administrative Order No. 1988-4, which directed use of the second edition of the guidelines, provided, in part:

In accordance with the directions found in the second edition of the sentencing guidelines, every judge of the circuit court and of the Recorder's Court for the City of Detroit must, not later than the date of sentencing, complete a sentencing information report on a form to be prescribed by and returned to the state court administrator. Whenever a judge of the circuit court or of the Recorder's Court for the City of Detroit determines that a minimum sentence outside the recommended minimum range should be imposed, the judge may do so. When such a sentence is imposed, the judge must explain on the sentencing information report and on the record the aspects of the case that have persuaded the judge to impose a sentence outside the recommended minimum range.

The Court of Appeals rejected the argument regarding the applicability of the guidelines, stating:

> [A]fter reviewing the lower court record, we find no indication that the trial court thought that the sentencing guidelines did not apply to defendant's convictions of aiding and abetting.

The Court of Appeals addressed the departure question in the context of defendant's claim that her sentence was disproportionate. The Court said:

> We reject defendant's claim. First, the trial court did not depart from the guidelines when it sentenced her. The sentencing information report (SIR) completed on defendant's aiding and abetting armed robbery conviction states that the guidelines' range is 96 to 180 months (or 8 to 15 years). This range should have also included parolable life as being in the guidelines' range because the statute authorizing punishment for armed robbery, MCL 750.529; MSA 28.797, states that punishment can be for any number of years or life. See *People v Johnson*, 202 Mich App 281, 290; 508 NW2d 509 (1993) (the guidelines' range for CSC I was 180 to 360 months or life); *People v Gonzalez*, 197 Mich App 385, 401; 496 NW2d 312 (1992). Thus, all of defendant's minimum sentences for her convictions, life and fifteen years, fall within the guidelines' range and are presumptively proportionate. *Johnson, supra.* Defendant has failed to present any unusual circumstances to overcome this presumption.

III

Since these crimes were committed in 1996, the former Sentencing Guidelines were applicable.[5] There

---

[5] Effective January 1, 1999, as to crimes committed on or after that date, the statutory Sentencing Guidelines mandated by 1998 PA 317, MCL 777.1 *et seq.*; MSA 28.1274(11) *et seq.*, are applicable. See Administrative Order No. 1998-4.

were no guidelines for the conspiracy conviction, but there were for both armed robbery and assault with intent to murder. However, with respect to those counts, the presentence investigator believed that the defendant had been convicted of "aiding and abetting." Therefore, she wrote in the presentence report: "There are no guidelines for these offenses."

The sentencing information report (SIR), is something of a curiosity. It purports to calculate a guidelines range for "aiding and abetting armed robbery," computing the range as 96 to 180 months. But there is no grid for "aiding and abetting," and there is no 96- to 180-month grid cell for armed robbery. There is a 96- to 180-month grid cell for assault with intent to murder. Thus, despite what is stated on the SIR, it appears that the presentence investigator used the assault grid. That would be appropriate, since both armed robbery and assault with intent to murder carry life maximums.[6]

The SIR does not indicate the defendant's actual sentences. Not surprisingly, it does not acknowledge a departure from the 96- to 180-month range. Nor does it bear the trial judge's signature.

The omissions probably are explained by the following statement made by the judge at sentencing.

> [I]n regards to the sentencing guidelines, I think my analysis of what guidelines were presented to the Court, *which are informational only*, have been computed correctly. I do agree with the Probation Department that, that further scoring is not essential or necessary. The sentences

---

[6] The guidelines instructions directed scoring of the offense that carried the highest maximum sentence. Where two or more crimes carry the same maximums, the trial court was authorized to choose which of them to score.

I have been imposing here are sentences that I believe are
correct and just under the circumstances and supported by
the evidence presented. [Emphasis added.]

In other words, it appears that the trial judge
believed that the guidelines were inapplicable
because there are no guidelines for either conspiracy
or "aiding and abetting." It further appears that he
viewed the SIR scoring as "informational only." This
explains the judge's failure to acknowledge that he
was departing from the 96- to 180-month guidelines
range by sentencing defendant to a life term for her
assault conviction. Since the judge did not believe
that the sentence represented a departure, it is under-
standable that he offered no departure explanation.

IV

The lower courts erred in several ways in their
analyses of these sentencing questions. First, the trial
court erred in concluding that the guidelines were to
be used only for "informational purposes" because
the defendant stood convicted of "aiding and abet-
ting." The defendant's convictions are for conspiracy,
armed robbery, and assault with intent to murder.
The guidelines applied to the latter two convictions.
The aiding and abetting statute[7] does not create a dis-
tinct crime; rather, it allows an aider and abetter to
be convicted of, for example, armed robbery, even

---

[7] Every person concerned in the commission of an offense,
whether he directly commits the act constituting the offense or
procures, counsels, aids, or abets in its commission may hereafter
be prosecuted, indicted, tried and on conviction shall be punished
as if he had directly committed such offense. [MCL 767.39; MSA
28.979.]

though that person did not hold the gun or take the money. When the time for sentencing arrives, the guidelines for armed robbery are to be used. *People v Spicer*, 216 Mich App 270, 273-276; 548 NW2d 245 (1996).

Second, the Court of Appeals incorrectly held that a life sentence is "within the guidelines" for every armed robbery and assault with intent to murder because the statutes creating those crimes specify that life is the statutory maximum. Some of the grid cells for those offenses include "or life" as an alternative to the usual guidelines range stated in months. Grid cell D-IV for assault with intent to murder specifies a range of "180-300 [months] or life." Similarly, grid cell D-IV for armed robbery specifies "120-300 [months] or life." Each of those grids has fifteen other cells with recommended ranges stated in months. None of those thirty other cells contains the "or life" alternative.

Since the Court of Appeals was wrong about a life sentence being within the guidelines, the sentence cannot benefit from the presumption that a within-the-guidelines sentence is proportionate.

V

The trial court erred in failing to apply the Sentencing Guidelines. We therefore reverse the judgment of the Court of Appeals in part, and remand the case to the St. Clair Circuit Court for resentencing. In all other respects the application for leave to appeal is denied.

WEAVER, C.J., and CAVANAGH, KELLY, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.

CORRIGAN, J., took no part in the decision of this case.