# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

STEVEN SMITH,

      Defendant-Appellant.

UNPUBLISHED
March 6, 2018

No. 328736
Wayne Circuit Court
LC No. 15-001977-01-FH

---

ON REMAND

Before: RIORDAN, P.J., and FORT HOOD and SERVITTO, JJ.

PER CURIAM.

This case returns to this Court on remand from the Michigan Supreme Court. In an order entered October 3, 2017, the Michigan Supreme Court, in lieu of granting leave to appeal, reversed "that part of the judgment of the Court of Appeals remanding this case to the trial court for proportionality review and for a hearing pursuant to *People v Lockridge*, 498 Mich 358 [; 870 NW2d 502] (2015)," and remanded the case to this Court "for plenary review of the defendant's claim that his sentence was disproportionate under the standard set forth in *People v Milbourn*, 435 Mich 630, 636 [; 461 NW2d 1] (1990). See *People v Steanhouse*, 500 Mich 453 [, 460-461; 902 NW2d 327 (2017)]." *People v Smith*, 501 Mich 876; 901 NW2d 873 (2017). The Michigan Supreme Court denied leave to appeal in all other respects. *Id*. We reverse and remand for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

Defendant was convicted, following a bench trial, of first-degree home invasion, MCL 750.110a(2). The facts at defendant's bench trial revealed that defendant forced his way into his mother's home by forcefully pushing his sister out of the way after his sister opened the door to let the family dog out. While in the home, and before being apprehended by the police, defendant engaged in a verbal assault on his mother and two sisters, demanding money, presumably to support his drug addiction. Defendant also forcibly grabbed his two sisters during the home invasion, in an attempt to coerce them into giving him money. On July 21, 2015, the trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to life imprisonment.

In imposing sentence, the trial court scored the guidelines for defendant's conviction of first-degree home invasion, which is a class B offense. MCL 777.16f. Defendant received a total OV score of 30 points, which, combined with his 67 prior record variable (PRV) points, placed him in the E-III cell of the Class B sentencing grid, for which the minimum sentence range is 78 to 260 months for a fourth-offense habitual offender. MCL 777.63. Thus, the trial court exceeded the guidelines range by sentencing defendant to life imprisonment. See e.g. *People v Greaux*, 461 Mich 339, 345; 604 NW2d 327 (2000) (recognizing that the Court of Appeals erred in concluding that a life sentence is "within the guidelines" for the offenses at issue where the relevant statutes set forth life imprisonment as the statutory maximum).[1] In imposing sentence, the trial court relied on this Court's decision in *People v Reese*, 242 Mich App 626; 619 NW2d 708 (2000), aff'd 466 Mich 440 (2001), where this Court upheld a sentence of life imprisonment for the defendant, a habitual offender convicted of armed robbery. Specifically, drawing an analogy to *Reese*, the trial court noted defendant's multiple prior felony convictions, several of which were for assaultive offenses, as well as the fact that he was on parole as the time of the instant offense for first-degree home invasion and multiple counts of felonious assault involving his mother and two sisters. While cognizant of defendant's mental health issues, the trial court also expressed concern with defendant's inability to "conform his conduct according to the law."

On January 10, 2017, this Court issued its opinion affirming defendant's conviction, but remanding for "further sentencing proceedings consistent with *Lockridge*, *Crosby*[2] and [*People v*] *Steanhouse*, [313 Mich App 1; 880 NW2d 297 (2015).]" *People v Smith*, unpublished per curiam opinion of the Court of Appeals, issued January 10, 2017 (Docket No. 328736), p 5. Defendant filed an application for leave to appeal his sentence in the Michigan Supreme Court, requesting remand for resentencing pursuant to *Lockridge*. As previously referenced, the Michigan Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court for reconsideration in light of its recent decision in *Steanhouse*. In *Steanhouse*, the Michigan Supreme Court rejected application of the *Crosby* remand procedure to allow the trial court to reconsider the reasonableness of a departure sentence under the standard set forth in *Milbourn*, and instead held that "the proper approach is for the Court of Appeals to determine whether the trial court abused its discretion by violating the principle of proportionality." *Steanhouse*, 500 Mich at 461.

## II. ANALYSIS

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Lockridge*, 498 Mich at 392. When reviewing a departure sentence for reasonableness, this Court must determine "whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in [*Milbourn*], 'which requires

---

[1] At the time defendant was sentenced, a trial court could depart upward from the minimum guidelines range only for substantial and compelling reasons. See MCL 769.34(3). The trial court, however, did not indicate that it was imposing a departure sentence.

[2] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *Steanhouse*, 500 Mich at 459-460. Under the *Milbourn* standard, " 'the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines recommended range.' " *Steanhouse*, 500 Mich at 475, quoting *Milbourn*, 435 Mich at 661. Factors that may be considered by a trial court under the proportionality standard include, but are not limited to:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Walden*, 319 Mich App 344, 352-353; 901 NW2d 142 (2017), quoting *Steanhouse*, 313 Mich App at 46.]

If this Court "determines that [the] trial court has abused its discretion in applying the principle of proportionality by failing to provide adequate reasons for the extent of the departure sentence imposed, it must remand to the trial court for resentencing." *Steanhouse*, 500 Mich at 476.

Having closely reviewed the trial court's rationale for imposing a life sentence, we conclude that the trial court's reasons for departure do not confirm that defendant's life sentence meets the standard of proportionality pursuant to *Milbourn*, and is thus reasonable under *Lockridge*. Because the guidelines "remain a highly relevant consideration in a trial court's exercise of sentencing discretion[,]" *Lockridge*, 498 Mich at 391, it is appropriate to compare the trial court's stated reasons for the sentence imposed with the scored OVs and PRVs to determine whether those reasons are already accounted for in the guidelines. Put another way, a relevant inquiry in the reasonableness review is whether there are "circumstances that are not adequately embodied within the variables used to score the guidelines." *Milbourn*, 435 Mich at 659-660.

In imposing a life sentence, the trial court relied on defendant's extensive criminal history, discussing the number of his prior convictions and his parole status at the time of the offense, and also noted that two of his victims were vulnerable. However, these reasons are accounted for in the scoring of the guidelines, and the trial court did not provide an adequate explanation for why they were given inadequate weight. See *Milbourn*, 435 Mich at 659 (the trial court must consider whether the circumstances of a case are inadequately addressed by the guidelines). As the trial court noted, defendant "has [ten] identifiable adult felony convictions[,]" "has been convicted five times for felonious assault, and once for domestic violence." At the time of the offense giving rise to this appeal, "[defendant] was on parole from a 2004 conviction for home invasion in the first degree and three counts of felonious assault against these very same three women—his mother and two sisters." However, defendant's prior criminal record and parole status are reflected in the scoring of PRV 1, for which defendant received 25 points for "1 prior high severity felony conviction[,]" MCL 777.51(1)(c), PRV 2, for which defendant received 30 points for "4 or more prior low severity felony convictions[,]" MCL 777.52(1)(a), PRV 5, for which he received two points for "1 prior misdemeanor conviction[,]" MCL 777.55(1)(e), and PRV 6, for which he received 10 points for being on parole, MCL 777.56(1)(d). In addition, the trial court relied on the fact that defendant's mother is "elderly, and one sister is wheel-chair bound." But as a result of his mother's age and his sister's physical limitations, defendant received 10 points for OV 10 for exploitation of "a

-3-

victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or [where] the offender abused his or her authority status[,]" MCL 777.40(1)(b).

We acknowledge the trial court considered factors that are not encompassed by the guidelines. For example, the trial court considered defendant's poor potential for rehabilitation and his misconduct while in custody, observing that "[h]is adjustment to parole is described as poor[,] and his behavior while incarcerated is described as assaultive." The trial court noted that defendant "has been sentenced so far to one prison term, two jail sentences, and five probation sentences[,]" and that "defendant is simply unable to conform his conduct according to the law.'" The trial court also properly considered the relationship between defendant and his victims. The *Milbourn* Court explained that a prior relationship between the offender and the victim can be either a "very mitigating circumstance or a very aggravating circumstance, depending upon the history of interaction between the parties." *Milbourn*, 435 Mich at 660-661. In this case, the trial court viewed it as an aggravating circumstance because the victims are defendant's mother and sisters, defendant had assaulted them in the past, and these women "lack any real sense of security in their home when the [d]efendant is not incarcerated."

In sum, we conclude that three of the trial court's stated reasons for imposing a departure sentence (i.e., defendant's prior criminal record, parole status, and the vulnerability of the victims) were improper. On the basis of the trial court's remaining articulated reasons, it is unclear whether the court would have departed solely based on those reasons, particularly where the trial court did not express recognition that the life sentence was a guideline departure. Further, even where a departure sentence is warranted, "the extent of the departure (rather than the fact of the departure itself) may embody a violation of the principle of proportionality." *Milbourn*, 435 Mich at 660. Therefore, "the trial court's articulation of the reasons for imposing a departure sentence must explain how the extent of the departure is proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse (On Remand)*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 318329); slip op at 3. In this case, the trial court provided reasons for the sentence imposed, but it did not acknowledge that it was imposing a departure sentence, and did not connect the reasons it provided to the extent of the departure chosen. Instead, the trial court relied on defendant's status as a fourth-offense habitual offender, and this Court's decision affirming the imposition of a life sentence for a habitual offender in *Reese*. Again, however, although MCL 769.12(1)(b) authorized a sentence of life imprisonment in light of defendant's status as a fourth-offense habitual offender, the fact that a given sentence is within the range of authorized punishment does not itself establish that it satisfies the principle of proportionality. The trial court was still required to provide reasons, grounded in the concept of proportionality, for the imposition of a life sentence and to articulate adequate reasons sufficiently justifying the extent of the departure imposed. *Steanhouse (On Remand)*, ___ Mich App at ___; slip op at 2, 3. The trial court did not comply with these requirements and resentencing is required.

## III. CONCLUSION

-4-

      We reverse and remand for proceedings consistent with this opinion. We do not retain jurisdiction.


                              /s/ Michael J. Riordan
                              /s/ Karen M. Fort Hood
                              /s/ Deborah A. Servitto